UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| THE SEWER COMPANY | NO. 04-178-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| NTL, INC. | NO. 04-179-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| 45,000, INC. | NO. 04-180-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| INTRINSIC, INC. | NO. 04-181-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| JOHN W. EASTERLY | NO. 04-182-B-M1 |

and



UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL

SAUN A. SULLIVAN                                    NO. 04-183-B-M1

**MOTION AND INCORPORATED MEMORANDUM
TO ACCEPT PLEA AGREEMENTS**

The United States of America by David R. Dugas, United States Attorney for the Middle District of Louisiana, through Corey R. Amundson, Assistant United States Attorney, respectfully submits this motion and incorporated memorandum to accept the binding Rule 11 plea agreements.

**I.    Background**

These environmental cases are based upon the negligent failure of a housing developer (Saun Sullivan) and a housing builder (John Easterly) to comply with environmental permits issued to their companies. The evidence reflects that the permit violations occurred because both men believed that the other had taken care of permit compliance.

The United States has charged the principle corporation, the Sewer Company, with a felony (knowing) violation based on the corporate knowledge doctrine, i.e., corporations are imputed to have the knowledge of all of their employees. The individuals and the other three corporations (NTL, 45,000 and Intrinsic) have been charged with misdemeanor (negligent) violations. Sullivan and Easterly own the Sewer Company. Sullivan also has part ownership in NTL, 45,000 and Intrinsic.

II.     **Plea Agreements**

The United States and the defendants have entered into binding Rule 11 plea agreements in which the defendants agree to pay fines and community restitution totaling over $400,000. The plea agreements do not provide for any sentence of probation and/or incarceration.

Specifically, the plea agreements set forth the following penalties:

- The Sewer Company, Inc. agrees to plead guilty to the knowing illegal discharge of pollutants, in violation of 33 U.S.C. 1319(c)(2)(A) (felony violation), and to pay $250,000 in fines and $14,000 in community restitution.

- Intrinsic, Inc. agrees to plead guilty to the negligent illegal discharge of pollutants, in violation of 33 U.S.C. 1319(c)(1)(A) (misdemeanor violation), and to pay $25,000 in fines and $2,500 in community restitution.

- NTL, Inc. agrees to plead guilty to the negligent illegal discharge of pollutants, in violation of 33 U.S.C. 1319(c)(1)(A) (misdemeanor violation), and to pay $25,000 in fines and $2,500 in community restitution.

- 45,000, Inc. agrees to plead guilty to the negligent illegal discharge of pollutants, in violation of 33 U.S.C. 1319(c)(1)(A) (misdemeanor violation), and to pay $25,000 in fines and $2,500 in community restitution.

- John W. Easterly, the president of the Sewer Company, Inc., agrees to plead guilty to the negligent illegal discharge of pollutants, in violation of 33 U.S.C. 1319(c)(1)(A) (misdemeanor violation), and to pay $25,000 in fines and $2,500 in community restitution.

- Saun Sullivan, an officer in all of the aforementioned corporations, agrees to plead guilty to the negligent illegal discharge of pollutants, in violation of 33 U.S.C. 1319(c)(1)(A) (misdemeanor), and to pay $25,000 in fines and $2,500 in community restitution.

### III.   Rationale for Binding Rule 11 Pleas

The United States agreed to enter into binding Rule 11 plea agreements for several reasons.  First, the United States believes that the agreed upon sentences (which total over $400,000 in fines and restitution) represent a significant and appropriate sentence for the charged conduct based upon a review of similar cases throughout the country.  The overall punishment of the individuals is best understood by considering not only the individual fines, but also the corporate fines since the individuals own the corporations.

Second, the binding pleas provide certainty to the sentences imposed on the corporate defendants.  The Sentencing Guidelines do not govern situations wherein a corporation is charged with a violation of the Clean Water Act.  *See* U.S.S.G. § 8C2.1 and comment (backg'd).  The only specific sentencing guidance is provided by statute.  Hence, a binding plea provides the parties with some degree of certainty with regard to the actual sentence.

Finally, and perhaps most importantly, an examination of the litigation risk favors accepting the pleas to ensure that all the defendants are convicted.

## IV. The Sentences Are Consistent with the Guidelines

The sentences set forth in the plea agreements for the individual defendants are governed by and consistent with the United States Sentencing Guidelines.[1] Section 2Q1.3 of the Sentencing Guidelines governs violations of the Clean Water Act, including the negligent conduct to which the individual defendants have plead guilty. The section is unique in that it covers both knowing and negligent conduct. The section adjusts for negligent conduct by providing that "[t]he specific offense characteristics in this section assume knowing conduct. In cases involving negligent conduct, a downward departure may be warranted." Application Note 3, Section 2Q1.3.

Under Section 2Q1.3, the individual defendants each have an offense level of sixteen (16) before acceptance of responsibility. *See* Presentence Investigation Report. Six levels represent the base level offense and ten levels represent specific offense characteristics. *See id.* After acceptance, the offense level is thirteen (13). *See id.* However, this offense level assumes their conduct was knowing. Since their conduct was negligent, a downward departure is appropriate pursuant to Application Note 3. The degree of such a departure is not suggested in the guidelines, but guidance is available by examining the statutory penalties for knowing and negligent conduct.

The Clean Water Act provides a maximum prison term of one year for a negligent violation while it provides three years imprisonment for a knowing violation. *See* 33 U.S.C. § 1319(c)(1)(2). Congress, therefore, believed that a knowing violation justified three times

---

[1] The plea agreements for the corporate defendants are not governed by the guidelines and, hence, do not run afoul of them.

more incarceration than a negligent violation. Accordingly, a 3 to 1 ratio may be appropriate in determining the degree of departure under the guidelines.

Using such an approach in our case results in a downward departure of at least eight (8) levels so that the individual defendants' offense level would be, at most, a five. Under the guidelines, an offense level five may receive a sentence without any period of incarceration or probation. Specifically, a level five is subject to 0 to 6 months incarceration and 0 to 3 years probation. *See* U.S.S.G. § 5B1.2 (zero to three years probation for offense level under 6). Hence, a sentence consisting solely of fines and restitution (such as the sentences contained in the plea agreements) is allowed under the guidelines for an offense level five.

## V. **Conclusion**

Accordingly, the United States requests that the Court accept the plea agreements and the sentences set forth therein because, among other things, the sentences are consistent with the guidelines.

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

_____
Corey R. Amundson, LBN 28865
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| THE SEWER COMPANY | NO. 04-178-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| NTL, INC. | NO. 04-179-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| 45,000, INC. | NO. 04-180-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| INTRINSIC, INC. | NO. 04-181-B-M1 |

and

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL |
| JOHN W. EASTERLY | NO. 04-182-B-M1 |

and

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL

SAUN A. SULLIVAN                                                NO. 04-183-B-M1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within *Motion and Incorporated Memorandum to Accept Plea Agreements* was sent by facsimile and U.S. Mail, proper postage affixed, to defendants' attorneys, Jim Boren, 830 Main Street, Baton Rouge, Louisiana 70802, Fred Crifasi, 8702 Jefferson Highway, Suite B, Baton Rouge, Louisiana 70809, and Eric Pittman, 1930 Florida Avenue, S.W., Denham Springs, Louisiana 70726.

Baton Rouge, Louisiana, this 25TH day of May, 2005.

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

Corey R. Amundson, LBN 28865
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561